**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY EDELSTEIN,<br>Individually and as parent on behalf<br>of S.E., et al., | Case No. 1:23-cv-754 |
| Plaintiffs, | McFarland, J.<br>Bowman, M.J. |
| v. | |
| JUDGE ANN FLOTTMAN, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On November 14, 2023, Plaintiff Kimberly Edelstein, proceeding pro se, paid the requisite filing fee and filed the above-captioned case on behalf of herself and her minor son, identified as Plaintiff "S.E." Plaintiff Edelstein also filed an "Emergency Motion for Temporary Restraining Order Ex Parte," which was denied by the presiding district judge based on her failure to comply with Fed. R. Civ. P. 65(b)(1). (Notation Order of 11/15/23). On the same date, Judge McFarland referred this case to the undersigned magistrate judge. (Doc. 5).

After the case was referred, Plaintiff Edelstein re-filed a new Emergency Motion for a Temporary Restraining Order ("TRO"). On November 16, 2023, Defendants Flottman, Webb, and Kent filed a response in opposition to the motion for a TRO.

As discussed below, the undersigned now recommends that this case be DISMISSED sua sponte for lack of subject matter jurisdiction. Consistent with the recommended dismissal, Plaintiffs' pending motion for a TRO should be DENIED.

## I. The Court's Inherent Authority to Screen a Complaint

Most pro se litigants proceed *in forma pauperis.* In exchange for the benefit of proceeding without payment of a filing fee, litigants who proceed *in forma pauperis* are subject to mandatory statutory screening to determine whether their complaint is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiffs paid the full filing fee for this case, thereby avoiding statutory screening. Nevertheless, this Court retains both the authority and the obligation to review its jurisdiction, and to dismiss even fee-paid cases if appropriate. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (permitting sua sponte dismissal when a complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion[ ]" as to deprive the court of jurisdiction). Based on a thorough review of Plaintiffs' complaint, the undersigned concludes that it should be dismissed sua sponte for lack of subject matter jurisdiction.

## II. Plaintiff's Pro Se Representation

Although she proceeds pro se, Plaintiff is a licensed attorney and a former state court magistrate. *See Edelstein v. Gmoser*, 2022 WL 4372200, at *1 (6th Cir. Aug. 29, 2022) ("Edelstein served as a staff attorney and magistrate for over eight years in the Butler County Court of Common Pleas"). In fact, the above-captioned case is the second suit in which Plaintiff has prosecuted her interests in this Court.[1]

In this case, Plaintiff has also filed claims on behalf of her minor son, S.E.

---

[1] In *Edelstein v. Stephens*, No. 1:17-cv-00305-MRB, Plaintiff filed an employment discrimination suit against Butler County Court of Common Pleas Judge Greg Stephens, alleging she was unfairly terminated based on her practice of her Jewish faith. On February 3, 2023, a jury returned a verdict in Plaintiff's favor.

Ordinarily, a pro se litigant cannot represent anyone's interests other than her own, meaning that a non-attorney parent cannot represent her minor child. "[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002); *Lawson v. Edwardsburg Pub. Sch.*, 751 F. Supp. 1257, 1258–59 (W.D. Mich. 1990) (litigant has the right to act as his or her own counsel under 28 U.S.C. § 1654 but may not represent the interests of his or her minor child without counsel). That said, the undersigned assumes for purposes of this Report and Recommendation that a licensed attorney such as Ms. Edelstein may prosecute both her own claims and those of S.E. Therefore, the undersigned reviews all claims included in the complaint, whether asserted by Plaintiff Edelstein[2] or her minor child, S.E.

### III. The Complaint and the State Court Proceedings

The 34-page complaint purports to set forth fifteen different "Counts" against two state court judicial officers and a court social worker in connection with several state court domestic relations cases in Hamilton County, Ohio.[3] Plaintiffs name Judge Ann Flottman, Magistrate Craig Webb, and social worker Kimberly Kent as individual Defendants. In addition, they assert "vicarious liability" claims against Hamilton County, Ohio and two insurers.

---

[2]References to "Plaintiff" in the singular are to Plaintiff Edelstein.
[3]Plaintiff Edelman states that she "is/was a litigant in three Domestic Relations cases in Hamilton County Court of Common Pleas, Domestic Relations Division." (Doc. 2, ¶ 12). The records of the Hamilton County Clerk of Courts reflect that Plaintiff is a party in Case No. DR2201234 (child support) and in DR2201279 (divorce and custody). The third case appears to be a DVCPO proceeding, filed as DV220816.

3

The first five Counts of the complaint are directed against Judge Flottman, although Count I technically is merely a request for injunctive relief rather than an independent cause of action. Consistent with her motion for a TRO, Plaintiff Edelstein seeks an Order from this Court to prevent Judge Flottman from making any further rulings concerning the custody of S.E. and from holding a scheduled trial on November 16 and 17, 2023 in Hamilton County Domestics Relations ("DR") Case No. DR-2201279. (*See* Docs. 2. 6).

Count II generally alleges that Plaintiff "is required by several court orders issued by judges and magistrates at the DR Court… to violate her Sabbath observance in order to handle all of transportation of her minor child to and from out of state for visitation with her husband." (Doc. 2, ¶ 41). Plaintiff alleges that Judge Flottman in particular has issued multiple orders that violate her First Amendment right to practice her Jewish religion, in violation of both the U.S. Constitution and the Ohio Constitution, as well as 42 U.S.C. §1983. (Doc. 2, ¶¶ 38-53). Count III asserts that Defendant Flottman has similarly violated her Plaintiff S.E.'s First Amendment rights by requiring him "to violate his Sabbath observance by staying with his father in Cincinnati…" (Doc. 2, ¶ 57; *see generally, id*., ¶¶54-68).

Count IV alleges that Defendant Flottman violated Plaintiff Edelstein's procedural due process rights in connection with a hearing held on May 19, 2023. (*Id*., ¶¶69-86). Plaintiff Edelman criticizes Judge Flottman's procedures, the judge's alleged failure to comply with state evidentiary rules, her substantive rulings, and her alleged failure to address certain motions filed by Plaintiff Edelman. In particular, Plaintiff criticizes: (1) Judge Flottman's denial of Plaintiff's objection to venue in Hamilton County under state

4

law; and (2) Judge Flottman's denial of Plaintiff Edelstein's motion to have the Guardian ad Litem ("GAL") removed, and grant of the GAL's motion to withdraw. (*Id.*, ¶¶ 79-85).

Count V alleges that Defendant Flottman violated Plaintiff's substantive due process rights in part by sua sponte raising the issue of custody of S.E. (*Id.*, ¶¶ 87-111). Plaintiff alleges that Judge Flottman first ordered a full custody evaluation but later changed that to a partial custody evaluation in order to ensure the removal of custody from Plaintiff Edelstein. She further accuses Judge Flottman of retaliatory orders after Plaintiff moved to disqualify Judge Flottman and informed her that her prior orders violated Plaintiff's constitutional rights.[4]

The next two Counts are against Defendant Webb. Count VI alleges that Magistrate Webb violated Plaintiff's procedural due process rights when he issued an ex parte order granting a Domestic Violence Protection Order ("DVCPO") based on her husband's "perjured" testimony and then issued a final DVCPO after a hearing at which Plaintiff was not permitted to appear by telephone.[5] (*Id.*, ¶¶112-129). Count VII alleges that Defendant Webb violated her substantive due process rights by ordering a visitation schedule that required Plaintiff S.E. to be with his father every other weekend. (*Id.*, ¶¶

---

[4] The Ohio Supreme Court denied Plaintiff's emergency motion to stay proceedings pending disqualification as moot. *See In re Disqualification of Flottman*, 23-AP-103, 2023 WL 5961979 (Ohio, Aug. 1, 2023). It appears the Supreme Court also denied disqualification. On November 14, 2023, Edelstein filed a second motion for recusal of Judge Flottman and a motion to stay the trial set for November 16-17.

[5] The state court record reflects that Elliott Edelstein petitioned for a DVCPO on July 29, 2022, and that an ex parte DVCPO was issued the same day, with a full hearing set for August 5, 2022. After the court issued a final DVCPO, Plaintiff appealed. On July 21, 2023, the appellate court affirmed the trial court's decision. *Edelstein v. Edelstein*, 2023 -Ohio- 2503, ¶ 29, 2023 WL 4675901, at *4 (Ohio App. 1 Dist., 2023). The appellate court rejected Edelstein's claims that Magistrate Webb violated her due process rights through lack of sufficient notice of the hearing and by denying her motion to dismiss in her absence. The court declined to review her contention that the magistrate violated the Code of Judicial Conduct by not permitting her to participate by phone, noting that it disagreed with her assertion but that enforcement of judicial conduct rules lies with the Ohio Supreme Court. Last, the appellate court rejected Edelstein's claims that the magistrate failed to properly apply state law when he issued a DVCPO, or abused his discretion by setting parenting time for the parties' minor child.

130-136). Plaintiff Edelman alleges that the Order "forced" her to violate the visitation schedule to practice her religion, and caused her "to be treated in a negative and punitive manner by other Magistrates and Judges at the DR Court who worked in conjunction to remove Plaintiff S.E. from her custody…." (*Id.*, ¶131-133).

Plaintiffs' next five claims, technically the eighth through twelfth counts,[6] are against Defendant Kent. First, Plaintiff Edelstein alleges that, at the direction of Judge Flottman, Defendant Kent committed multiple violations of Plaintiff Edelstein's procedural due process rights under the Fourteenth Amendment during a partial custodial evaluation ordered by Judge Flottman. (*Id.*, ¶¶ 137-158). Plaintiff next alleges that Kent violated Plaintiff's parental rights under the Fourteenth Amendment. (*Id.*, ¶¶159-162). Plaintiff also claims that Defendant Kent violated Plaintiff Edelstein's substantive due process rights under the Fourteenth Amendment when, after Edelstein filed two complaints against her with a state licensing board, Kent issued her Report. The Report suggested that Plaintiff be permitted to see S.E. only on weekends, with S.E. to live with his father during the week. (*Id.*, ¶¶ 163-175). Plaintiff's next claim alleges that Defendant Kent committed the state tort of defamation by placing unspecified false and defamatory information in the Report, and publishing the Report "to third parties at the DR Court with the intent to embarrass and humiliate Plaintiff Edelstein." (*Id.*, ¶¶ 176-182). In a final claim against Kent, (*id.*, ¶¶ 183-186), Plaintiff S.E. alleges that Kent violated S.E.'s First Amendment right to freely exercise his religion by filing a Report that would result in the removal of S.E. from his religious school and community.

---

[6]The first seven "Counts" are correctly ordered but Counts 8-12 are all misnumbered as additional "Count IV" claims. In an attempt to avoid confusion, the undersigned refers to the claims by narrative description.

Plaintiff's final three Counts allege "vicarious liability" against the entity Defendants. Count XIII seeks monetary damages against Hamilton County, Ohio based on the allegation that the three individual Defendants acted in their official capacities and receive paychecks from that governmental entity. (*Id.*, ¶¶187-196). Notably, Plaintiff does not allege that Hamilton County promulgated unconstitutional policies, but that its court policies and rules "were disregarded by Defendants Flottman, Webb, and Kent." (*Id.*, ¶ 191). Next,[7] Plaintiff alleges that Defendant County Risk Sharing Authority, Inc. is "vicariously liable" as the insurer for Hamilton County public officials. (*Id.*, ¶¶197-202). And in her final claim, Plaintiff similarly alleges that Unknown Insurance Carrier #1 is vicariously liable because it provides insurance coverage and/or malpractice insurance for the magistrates and judges of Hamilton County Court of Common Pleas, Domestic Relations Division. (*Id.*, ¶¶203-208).

## IV. Analysis

### A. This Court Lacks Subject Matter Jurisdiction

Although Plaintiffs invoke federal question jurisdiction, no jurisdiction exists. For this Court to have federal question jurisdiction pursuant to 28 U.S.C. § 1331, a plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). All of Plaintiffs' claims challenge prior orders and decisions made by the Hamilton County Court of Common Pleas, Domestic Relations Division as well as ongoing proceedings in a divorce and custody case.

More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to

---

[7] Plaintiff's last two claims are misnumbered as additional "Count XIII" claims. As with her claims against Defendant Kent, the last two claims are described in narrative form to avoid numeric confusion.

the laws of the states and not to the laws of the United States." *In re Burrus,* 136 U.S. 586 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of alleged constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze,* 76 Fed. App'x 615, 616 (6th Cir. 2002). In *Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S. Ct. 2206 (1992), the Supreme Court reaffirmed that the domestic relations exception precludes federal courts from hearing cases "involving the issuance of a divorce, alimony, or child custody decree." All of Plaintiffs' claims fall squarely within the domestic relations exception. *Accord Stephens v. Hayes*, 374 Fed. Appx. 620, 623 (6th Cir. 2010).

That Plaintiffs' claims are precluded by the *Burrus* abstention doctrine is obvious both from a review of Plaintiffs' claims and from their prayer for relief. Plaintiffs seek "a preliminary and permanent injunction enjoining Judge Flottman from further violations of the Plaintiff Edelstein's and/or Plaintiff S.E.'s Constitutional rights under the First Amendment, to wit: forcing Plaintiff Edelstein to violate the Sabbath by driving, forcing Plaintiff S.E. to move from his Jewish Community and Jewish education, forcing Plaintiff S.E. to spend Sabbath with his non-observant father, and removing Plaintiff S.E. from his religiously observant home with Plaintiff Edelstein," and an injunction to prevent "further violations" of Plaintiff Edelstein's and S.E.'s constitutional rights. They also seek declaratory relief and monetary damages. (Doc. 2). All of their requests seek to overturn prior state court domestic relations decisions, to dictate future custodial decisions, and to award monetary damages to both Plaintiffs based on past judicial decisions.

8

Although federal jurisdiction may attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action,[8] no such claim is evident here.[9] Multiple reasons counsel against the assumption of federal jurisdiction. Plaintiffs cannot state a claim for "vicarious liability" against Hamilton County, Ohio or the two insurers under 42 U.S.C. § 1983. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1129–30 (11th Cir. 1992) (internal citations omitted)). Hamilton County is also immune from liability for monetary damages under the Eleventh Amendment, as are the individual Defendants named in their official capacities. And Plaintiff alleges no actions by any state actor other than by individuals who are absolutely immune from suit. Moreover, "Hamilton County, Ohio is a geographic location and as such is not sui juris." *Bowie v. Hamilton Cty. Juvenile Court*, S.D.Ohio No. 1:18-cv-395, 2019 U.S. Dist. LEXIS 3715 (Jan. 9, 2019) citing, *McGuire v. Ameritech Servs.*, 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003)("counties, as political entities, are not sui juris; they are held accountable through their elected representatives, to wit, their commissioners.")[10].

That Judge Flottman and Magistrate Webb are entitled to absolute judicial immunity is not subject to debate.[11] See *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pearson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).

---

[8] Plaintiff Edelstein's recent employment discrimination claims against Butler County Judge Stephens are a case in point.

[9] Plaintiff's conclusory attempts to recharacterize the entry of court orders and comments made by Judge Flottman from the bench as "administrative duties" is baseless. (*See* Doc. 2, ¶¶42, 59, 75-76, 94-95).

[10] See also *Bowie v. Hamilton Cty. Juvenile Court*, S.D.Ohio No. 1:18-cv-395, 2020 U.S. Dist. LEXIS 94777 (May 31, 2020), adopted by *Bowie v. Hamilton Cty. Juvenile Court*, S.D.Ohio No. 1:18-cv-395, 2020 U.S. Dist. LEXIS 119685 (July 8, 2020) and affirmed at *Bowie v. Hamilton Cty. Juvenile Court*, 6th Cir. No. 20-3743, 2021 U.S. App. LEXIS 1581 (Jan. 20, 2021).

[11] As a practicing attorney and a former magistrate, Plaintiff Edelstein is presumed to have some familiarity with the doctrine of judicial immunity, raising the issue of whether the complaint complies with Rule 11, Fed. R. Civ. P.

9

Judges retain absolute immunity even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001).

Defendant Kent is also entitled to absolute immunity. Plaintiffs allege that she acted "under color of law in her official capacity as Court Social Worker of the Dispute Resolution Division of Hamilton County Court of Common Pleas, Domestic Relations Division." (Doc. 2, ¶17). All five claims against Kent are based on allegations relating to Kent's performance of duties at the request of Judge Flottman - her investigation and production of the custodial report for use at trial. A social worker employed to report on domestic relations matters at the behest of the state court is entitled to absolute immunity. *See Pittman v. Cuyahoga Cnty. Dept. of Children and Family Services*, 640 F.3d 716, 726 (6th Cir. 2011) (quoting *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422-23 (6th Cir. 2001) (holding that social worker had absolute immunity including for actions taken during the underlying investigation, when that investigation was "intimately related to the judicial phase of child custody proceedings"); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984). The Sixth Circuit has consistently applied the domestic relations exception to cases such as this one.

Even if the referenced proceedings did not concern domestic relations, this Court would still be barred from reviewing Plaintiffs' claims because all of their alleged injuries emerge from state court rulings. Plaintiff Edelstein previously sought relief in state court through a direct appeal of the DVCPO order and through affidavits seeking to disqualify or recuse the presiding state court judge, and now turns to this Court having lost those

10

battles in state court. To the extent that this lawsuit is construed as an appeal of the prior state court decisions, the *Rooker-Feldman* doctrine bars direct review. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 148 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

As for the ongoing trial before Judge Flottman, the doctrine of abstention provides yet another firm jurisdictional bar. *See Younger v. Harris,* 401 U.S. 37 (1971); *see also generally Kelm v. Hyatt*, 44 F.3d 415, 419-421 (6th Cir. 1995). In short, this Court lacks subject matter jurisdiction over all claims raised by Plaintiffs here. Accordingly, the complaint should be dismissed.

### B. Plaintiffs' Motion for TRO

Plaintiffs' motion for TRO should be denied as moot in light of the recommended dismissal of this case for lack of jurisdiction. Even if this case is not dismissed, the motion for TRO still should be denied based on *Younger* abstention. As an alternative basis for denying the TRO, the Court could deny the motion on the merits based on the evaluation of the traditional factors used to evaluate the propriety of such extraordinary relief. *See generally*, *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998).

### V. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** this case be **DISMISSED** without prejudice based on a lack of subject matter jurisdiction, and that the pending motion for a TRO (Doc. 6) be **DENIED**.

                                             *s/Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY EDELSTEIN, Individually and as parent on behalf of S.E., et al., | Case No. 1:23-cv-754 |
| Plaintiffs, | McFarland, J. Bowman, M.J. |
| v. | |
| JUDGE ANN FLOTTMAN, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12