**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY EDELSTEIN, Individually and as parent on behalf of S.E., et al., | Case No. 1:23-cv-754 |
| Plaintiffs, | McFarland, J. |
| | Bowman, M.J. |
| v. | |
| JUDGE ANN FLOTTMAN, et al., | |
| Defendants. | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On November 17, 2023, the undersigned filed a Report and Recommendation ("R&R") that recommended the dismissal of this case without prejudice based on a lack of subject matter jurisdiction, and the corresponding denial of a motion for a temporary restraining order. (Doc. 10). Although that R&R remains pending, Plaintiffs filed an amended complaint on December 26, 2023. This Supplemental Report and Recommendation addresses the newly amended complaint.

**I.     Procedural Background**

On November 14, 2023, Plaintiff Kimberly Edelstein, proceeding pro se, paid the requisite filing fee and filed the above-captioned case on behalf of herself and her minor son, identified as Plaintiff "S.E." Plaintiff Edelstein also filed an "Emergency Motion for Temporary Restraining Order Ex Parte," which was denied by the presiding district judge based on her failure to comply with Fed. R. Civ. P. 65(b)(1). (Notation Order of 11/15/23).

On the same date, Judge McFarland referred this case to the undersigned magistrate judge. (Doc. 5).

After the case was referred, Plaintiff Edelstein re-filed a new Emergency Motion for a Temporary Restraining Order ("TRO"). On November 16, 2023, Defendants Flottman, Webb, and Kent filed a response to the TRO motion. On November 17, 2023, the undersigned filed an R&R that recommended dismissing this case sua sponte for lack of subject matter jurisdiction and denying Plaintiffs' pending motion for a TRO. (Doc. 10).

Plaintiff Edelstein filed timely objections to the R&R on November 29, 2023, to which Defendants filed a response.[1] (Docs. 12, 17). Defendants also moved to stay the date that their answer is due pending the Court's ruling on Plaintiff Edelstein's objections to the R&R. (Doc. 16). The Court granted Defendants' motion to stay by order filed on December 1, 2023.

Plaintiff's objections and the November 17 R&R remain pending before the presiding district judge. However, on December 22, Plaintiff filed a "Supplemental Memorandum Supporting Emergency Motion for Injunctive Relief." (Doc. 21). And on December 26, Plaintiff filed an Amended Complaint. (Doc. 22). Both documents are addressed in this Supplemental Report and Recommendation.

---

[1] After Defendants filed their response to Plaintiff's objections, Plaintiff filed an "emergency motion for extension of time" to file a reply. (Doc. 18). On December 18, 2023, the Court denied that motion because Rule 72 does not provide for a reply-round of briefing on objections to an R&R. Undeterred, Plaintiff Edelstein filed a motion the next day seeking leave to file a reply or, in the alternative, a motion to strike Defendants'' response to her objections. (Doc. 20). The latter motion remains pending.

**II.     Analysis**

**A. The Amended Complaint**

Under Rule 15(a)(1)(B), Fed. R. Civ. P., a plaintiff may amend a complaint "once as a matter of course" within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Because Defendants have yet to file their answer or Rule 12 motion, Plaintiffs are entitled to amend their complaint without leave of court. "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir.2013).

But if the amended complaint is now the operative pleading, is the original R&R now moot? A review of the amended complaint easily answers that question. Plaintiff Edelstein makes clear in the caption of the Amended Complaint that the sole purpose of amendment is to add a new claim that she identifies as "Count XIV." [2] Indeed, a close comparison of the original and amended complaints reveals no discernible differences in the claims other than a new claim against Defendants for Plaintiff Edelstein's "loss of parental rights (Kidnapping)" as an alleged violation of the Fourteenth Amendment. (*See* Doc. 22, PageID 214-217).

    **1. The November 17 R&R (Doc. 10) Applies Fully to All Restated Claims**

The prior R&R painstakingly addressed why the first fifteen claims asserted in the original complaint should be dismissed without prejudice for lack of federal subject matter

---

[2]The original R&R explained Plaintiff's errors in numbering her original fifteen claims. The Amended Complaint appears to have been copied verbatim from the original and repeats the same numbering errors. Properly ordered, the newly asserted "Kidnapping" claim should be identified as Count XVI. Regrettably, Plaintiff adds to the numerical inconsistencies by starting the numbered paragraphs of the new "Kidnapping" claim with Paragraph 203. Paragraph Nos. 203-208 are also used for the preceding claim. To minimize confusion, the undersigned refers to the new claim primarily by its narrative description.

jurisdiction. Although that R&R preceded the filing of the operative pleading, it applies equally to the restated claims asserted in the Amended Complaint. In the interest of judicial economy, the undersigned therefore incorporates, as if restated in its entirety, the text of the November 17 R&R.

### 2. This Court Lacks Jurisdiction Over Plaintiff's New Claim

Plaintiffs' original complaint sought to overturn prior state court domestic relations decisions, to dictate future custodial decisions, and the award of monetary damages to both Plaintiffs based on past judicial decisions. The original complaint also sought to preclude Judge Flottman from proceeding with a two-day trial scheduled for November 16-17. Plaintiff Edelstein's new "Kidnapping" claim focuses on the most recent state court proceedings, including Judge Flottman's grant of full custody of S.E. to Mr. Edelstein. (*See*, *e.g.*, Doc. 22, ¶ 212, alleging that Judge Flottman "ordered sole custody to go to the father immediately and further ordered no contact from Plaintiff Edelstein for 30-days and only video calls thereafter until the summer."). As the prior R&R explains in detail, this Court lacks subject matter jurisdiction because all of Plaintiffs' claims concern the orders and decisions made by the Hamilton County Court of Common Pleas, Domestic Relations Division, primarily in Hamilton County Domestics Relations ("DR") Case No. DR-2201279.

For the reasons previously discussed, the new claim remains barred by the *Burrus* abstention doctrine. See *In re Burrus,* 136 U.S. 586 (1890); *see also*, *generally*, *Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S. Ct. 2206 (1992); *Stephens v. Hayes*, 374 Fed. Appx. 620, 623 (6th Cir. 2010). That Plaintiffs' newest claim remains precluded by *Burrus* abstention is clear both from the supporting allegations and a review of

4

Plaintiff's amended prayer for relief. Having failed to prevent the custody trial from occurring and unhappy with the final custody decision, Plaintiff Edelstein's amended request for relief seeks "the immediate return of Plaintiff S.E. to the custody of Plaintiff [Edelstein]," along with the requests for relief included in the original complaint.

To the extent that Plaintiff attempts to frame the new "Kidnapping" claim as a type of independent claim that challenges the constitutionality of Judge Flottman's actions, her attempt is unpersuasive. Similar to allegations supporting her other claims, the new claim purports to be supported by allegations of procedural irregularities committed by the state court including a lack of notice of the custodial hearing or opportunity to be heard, a lack of a pending custodial motion, and violations of various state laws. Ultimately, Plaintiff Edelstein alleges that the state court's custodial decision amounted to a kidnapping of her son. (Doc. 22, ¶¶ 203-226, PageID 214-217).

Plaintiff's new allegations do not include dates on which the alleged "Kidnapping" occurred, but the publicly accessible docket of the state court record provides most if not all of those relevant dates.[3] On December 12, Mr. Edelstein filed a motion seeking emergency child support suspension and an order declaring contempt of visitation parenting time. On the same date, he filed an affidavit for citation parenting time/visitation. The state court set a Notice of Hearing by video. On December 15, Ms. Edelstein filed a motion for reconsideration; the court filed another Notice of Hearing. Also on December 15, the court filed an Order for an in camera interview. On December 18, Ms. Edelstein

---

[3]This Court has accessed only the public state court docket. The docket contains descriptions of docket entries, but the documents themselves are not accessible. While this Court lacks jurisdiction over any claim asserted in the Amended Complaint including the latest claim, it is worth noting that the narrative descriptions of the state court docket entries appear to undermine Plaintiff's newest allegations concerning procedural irregularities.

5

filed a response to Mr. Edelstein's pending motion as well as a motion to strike Mr. Edelstein's affidavit. On the same date, the state court issued a Notice of Hearing. On December 20, Ms. Edelstein filed a "motion for interview on the record and objection to in camera interview." The court issued another Notice of Hearing. On December 21, 2023, which Ms. Edelstein alleges was the same date as the in camera interview of S.E., Judge Flottman issued an eleven-page decision that designated the father as the sole residential and legal custodial parent. On December 26, 2023, the court filed an additional one-page decision.

In addition to alleging procedural irregularities and violations of multiple laws by Judge Flottman and/or Hamilton County Deputies, Plaintiff complains that Judge Flottman's custody decision "was based on false testimony provided at trial… and was written maliciously to punish Plaintiffs for the filing of this federal complaint." (Doc. 22, ¶221, PageID 216 (emphasis original)). But at the end of the day, Plaintiff's newest claim amounts to nothing more than a new criticism of Judge Flottman's judicial actions and rulings in the underlying state court custody case. As discussed in the prior R&R, judges retain absolute immunity even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). In addition to Plaintiff's failure to assert the type of independent claim over which federal jurisdiction would be appropriate, multiple reasons (discussed in the prior R&R) counsel against the assumption of federal jurisdiction. Because this Court lacks subject matter jurisdiction over all restated claims as well as the

newly raised "Kidnapping" claim in the Amended Complaint, this case should be dismissed.

### B. Plaintiffs' Motion for TRO and Plaintiff's "Supplemental Memorandum"

The prior R&R recommended the denial of Plaintiffs' motion for TRO as moot in light of the recommended dismissal of this case for lack of jurisdiction. Alternatively, the undersigned recommended denial of the TRO based on *Younger* abstention and/or on the merits based on the evaluation of the traditional factors used to evaluate the propriety of such extraordinary relief. *See generally*, *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). To the extent that it is considered by the Court,[4] Plaintiff's "Supplemental Memorandum Supporting Emergency Motion for Injunctive Relief" does not change the prior analysis.

### V. Conclusion and Recommendation

For the reasons stated in this Supplemental R&R and in the previously filed R&R of November 17, 2023, **IT IS RECOMMENDED THAT** this case be **DISMISSED** without prejudice based on a lack of subject matter jurisdiction, and that the pending motion for a TRO (Doc. 6) be **DENIED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[4] A "Supplemental Memorandum" that is unaccompanied by a separate motion does not require the Court to do anything. And the time for briefing on the original motion for TRO has long expired.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY EDELSTEIN,
Individually and as parent on behalf
of S.E., et al.,

      Plaintiffs,

v.

JUDGE ANN FLOTTMAN, et al.,

      Defendants.

Case No. 1:23-cv-754

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).